# EXHIBIT 1

4/19/2022 4:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63707848
By: Carolina Salgado
Filed: 4/19/2022 4:42 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **PATRICK SHIH, M.D., P.A.,** | § § § § | |
| *Plaintiff*, | § | |
| v. | § § | \_\_\_\_ JUDICIAL DISTRICT COURT HARRIS COUNTY |
| **AETNA LIFE INSURANCE COMPANY,** | § § § § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Patrick Shih, M.D., P.A. ("Practice") complains of Aetna Life Insurance Company ("Aetna"), and for cause of action allege as follows:

### I. INTRODUCTION

1. Patient M.U. was involved in an automobile accident on April 22, 2018, which left him paralyzed from the chest down. He presented via ambulance to the Emergency Department at Cypress Fairbanks Medical Center.

2. After being admitted to the hospital, Board-Certified neurosurgeon, Patrick Shih, M.D., evaluated the patient and diagnosed him with a traumatic spinal cord injury—a very serious condition that required emergency surgery. As the on-call specialist, Dr. Shih immediately took M.U. to the operating room and performed several difficult neurosurgical procedures to stabilize and repair his many spinal injuries.

3. As the only reconstructive plastic surgery group "on call" at the hospital on the date of service in question, the Practice was obligated to examine

1

Copy from re:SearchTX

M.U. and perform stabilizing treatment of his emergency condition, regardless of his insurance coverage or ability to pay.

4. At the time of his accident, M.U. was covered by a fully insured PPO health plan insured by Aetna. The Practice is "out-of-network" with Aetna.

5. Texas law in effect at the time the services were rendered required Aetna to reimburse the Practice "at the preferred level of benefits" for the emergency surgical services it rendered to M.U. TEX. INS. CODE § 1301.155(b). Aetna failed to do so. Instead, it "allowed" only 90% of the Medicare rates for some of the CPT codes billed by the Practice and *nothing* for two of the codes, leaving M.U. with a substantial account balance with the Practice. The amounts reimbursed by Aetna are substantially less than the "preferred level of benefits."

6. The Practice therefore seeks to have Aetna comply with its independent statutory and common law duties to pay for the emergency surgical services rendered by the Practice at a rate that is consistent with Texas law.

## II. DISCOVERY LEVEL

7. Discovery in this case should be conducted under Tex. R. Civ. P. 190.3 (Level 2).

## III. RELIEF SOUGHT

8. The Practice seeks damages in an amount up to $65,131.59, 18% statutory interest as additional damages under the Prompt Payment Act, a declaratory judgment, attorneys' fees, pre- and post-judgment interest, litigation costs, and all other appropriate relief.

Copy from re:SearchTX

## IV. PARTIES AND SERVICE OF CITATION

9. Plaintiff Patrick Shih, M.D., P.A. is a professional association with its principal place of business in Houston, Texas.

10. Defendant Aetna Life Insurance Company is a Pennsylvania corporation doing business in Texas. Aetna is licensed by the Texas Department of Insurance as a preferred provider organization ("PPO"). It may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## V. JURISDICTION AND VENUE

11. The damages sought are within the jurisdictional limits of this Court.

12. This Court has personal jurisdiction over Aetna because it insured M.U., a Texas resident; because the Practice's claims for the care rendered to M.U. were processed and accepted in Texas; and because Aetna failed to pay the Practice in Texas in accord with Texas law.

13. Venue is proper under Texas Civil Practice & Remedies Code § 15.002(a)(1) because a substantial part of the events or omissions giving rise to the Practice's claims occurred in Harris County where the services were rendered and the Practice is headquartered. The Practice's claims for reimbursement were prepared at, and mailed from, the Practice's headquarters in Harris County. All amounts billed by the Practice were payable at the Practice's headquarters in Harris County. All appeals were prepared at, and mailed, from the Practice's headquarters in Harris County. All correspondence received from Aetna was mailed to the Practice's headquarters in Harris County. All calls to or from Aetna

3

Copy from re:SearchTX

personnel were placed to or from the Practice's headquarters in Harris County. Any ensuing debt by M.U. is payable to the Practice at its headquarters in Harris County.

## VI. FACTUAL BACKGROUND

14. After M.U. suffered a traumatic spinal cord injury and was admitted to the hospital, Dr. Shih diagnosed him with an ASIA Scale A (the worst level) spinal cord injury. Dr. Shih rendered the following emergency surgical services on the same date as M.U.'s accident:

15. It cannot be seriously disputed that M.U.'s injuries were severe and that the services rendered constitute emergency care.

16. After Dr. Shih rendered these emergency surgical services to M.U., the Practice submitted claims for reimbursement to his insurer, Aetna. The Practice billed $72,330 for Dr. Shih's services. Aetna paid only $7,198.41—less than 10% of the Practice's billed charges.

17. The amounts paid by Aetna are *substantially* less than the preferred level of benefits for the services rendered by the Practice in the geographic area where they were rendered.

18. Aetna outright denied certain CPT codes billed by the Practice that should have been payable. Had Aetna's representatives reviewed the medical records and other information submitted by the Practice as designated authorized representative of M.U. with its claims and appeals, this should have been apparent to them.

4

Copy from re:SearchTX

19. For example, Aetna's explanation of benefits ("EOB") reflects that CPT codes 20930 and 20936 were denied as incidental to another procedure. But according to the National Correct Coding Initiative ("NCCI"), these codes, when billed with CPT codes 22843, 22610, 22614, 22327 and 22212 do not have NCCI edits or conflicts. These codes do not require the use of a modifier. Their use is supported in Dr. Shih's operative report, which was submitted to Aetna with the Practice's claims on several occasions.

20. Aetna also improperly applied a multiple-procedure discount of 75% to CPT code 22610. But according to the NCCI and nationally accepted billing guidelines, the discount should have only been 50%.

21. M.U. assigned his health plan benefits to the Practice. A copy of the signed assignment of benefits is attached as Exhibit 1. As a result of the assignment, the Practice stands in the shoes of M.U. with respect to his claims against Aetna.

22. As a result of Aetna's failure to process the Practice's claims correctly and pay what is owed under Texas law, Plaintiffs were forced to hire the undersigned counsel and incur attorneys' fees to pursue their claims for proper reimbursement and other damages.

### VII. CAUSES OF ACTION

#### Count 1: Violations of Texas Insurance Code § 1301.155(b)

23. Under Texas law, Aetna is required to pay for emergency services, like those rendered to M.U. by the Practice, "at the preferred level of benefits until the

5

insured can reasonably be expected to transfer to a preferred provider." TEX. INS. CODE § 1301.155(b) (Mar. 1, 2010).

24. For the CPT codes that it did not deny outright, Aetna admittedly paid only 90% of the Medicare rate for the services rendered by Dr. Shih. This is substantially less than the preferred level of benefits.

25. Accordingly, the Practice is entitled to recover the difference between the preferred level of benefits and what Aetna actually paid.

### Count 2: Unfair or Deceptive Insurance Practices

26. Aetna knowingly engaged in prohibited "unfair" or "deceptive" insurance practices. These prohibited practices include:

   a. "[F]ailing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear";

   b. "[F]ailing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim"; and

   c. "[R]efusing to pay a claim without conducting a reasonable investigation with respect to the claim."

TEX. INS. CODE §§ 541.060(a)(2), (3), (7); see also *id.* § 541.003.

27. Aetna's acts or practices were a producing cause of damages to M.U. because they left him responsible to pay the full balance of the Practice's bills for the services rendered to him. The Practice as M.U.'s assignee is entitled to recover the Practice's full billed charges, less the amounts paid by Aetna, plus court costs and attorneys' fees. TEX. INS. CODE § 541.152(a).

6

Copy from re:SearchTX

### Count 3: Unfair Claim Settlement Practices

28. After having received notice of the Practice's claims (and thus M.U.'s liability to the Practice), all of which are clearly covered by Aetna's plan, Aetna engaged in prohibited "unfair" or "deceptive" settlement practices. These prohibited practices include:

    a. "[K]nowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue";

    b. "[F]ailing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy"; and

    c. "[N]ot attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear."

TEX. INS. CODE §§ 542.003(a), (b)(1), (2), (4).

29. Aetna's acts or practices were a producing cause of damages to M.U. because they left him responsible to pay the full balance of the Practice's bills for the services rendered to him. As a result, the Practice as M.U.'s assignee is entitled to recover actual damages.

### Count 4: Failure to comply with Prompt Payment Statute (TEX. INS. CODE § 542.051, *et seq.*)

30. Section 542.058 of the Texas Insurance Code requires an insurer to promptly pay claims or pay damages as provided in Section 542.060. TEX. INS. CODE. § 542.058(a); *see also id.* § 1271.005(c) ("A health maintenance organization shall comply with Subchapter B, Chapter 542, with respect to prompt payment to an enrollee.").

7

Copy from re:SearchTX

31. An insurer's timely but wrongful denial of a valid claim does not excuse the resulting failure to pay the claim within the deadline set by the prompt payment statute.

32. The services that the Practice provided M.U. are covered by Aetna's plan because they were emergent. In addition, no preferred providers were available.

33. Aetna, after receiving any and all items, statements, and forms reasonably requested and required under Texas Insurance Code § 542.055, wrongfully denied and delayed payment of the Practice's bills beyond the time allowed by law.

34. Aetna's acts or practices were a producing cause of damages to M.U. because they left him responsible to pay the full balance of the Practice's bills for the services rendered to him. Aetna's acts or practices were also a producing cause of damages to the Practice because it did not timely receive reimbursements owed to it. As a result, the Practice is entitled to recover actual damages, plus additional statutory damages in the form of interest on the full amount of the claim at 18% per year, attorneys' fees, and court costs. *See* TEX. INS. CODE § 542.060(a).

**Count 5: Breach of Implied Contract**

35. At all material times, the Practice was obligated by law to provide emergency medicine services to all patients presenting with emergency medical conditions, including patients covered by Aetna's plans.

36. At all material times, Aetna knew that the Practice was an out-of-network neurosurgical practice that often provides emergency surgical services to

8

patients at Cypress Fairbanks Medical Center and other facilities. Aetna was aware that the Practice was required by law to continue to treat patients presenting to it with emergency medical conditions, regardless of the level of reimbursement Aetna paid the Practice for those services.

37. The Practice provided emergency surgical services to M.U. There was an implied understanding that Aetna would reimburse the Practice at an agreed rate, the "preferred level of benefits" in accord with Texas law, or at an amount comparable to the amount that Aetna has reimbursed it and other practices for the same or similar services in the past. The Practice fulfilled its obligations under the parties' implied agreement by providing emergency surgical services to M.U. on the date of service in question. Aetna breached the parties' implied agreement by paying rates substantially less than any of the amounts it impliedly agreed to pay.

38. As a result of Aetna's breach of the implied contract to pay the Practice at the agreed upon rates, the Practice has suffered injury and is entitled to monetary damages from Aetna.

### Count 6: Declaratory Judgment

39. Under Texas law, Aetna is required to pay for emergency services, like those rendered to M.U. by the Practice, "at the preferred level of benefits." TEX. INS. CODE § 1301.155(b).

40. The Practice seeks a declaration that Aetna must reimburse it for the emergency services rendered to M.U. "at the preferred level of benefits" as provided by Texas law. The Practice further seeks a declaration that the exceptionally low reimbursements allowed by Aetna in this case (believed to be 90% of Medicare

9

rates) do not represent the "preferred level of benefits" for the Practice's services and thus do not comply with Texas law.

## VIII.  DAMAGES

41.     As a result of Aetna's actions, the Practice has incurred actual damages up to $65,131.59.

42.     In addition, Aetna's violations of the Prompt Payment Statute entitle the Practice to additional statutory damages in the form of interest on its claims at 18% per year.  *See* TEX. INS. CODE § 542.060(a).

## IX.  ATTORNEYS' FEES

43.     The Practice is entitled to an award of its reasonable and necessary attorneys' fees incurred in pursuing this action under:

- Texas Insurance Code § 541.152 for unfair or deceptive insurance practices.
- Texas Insurance Code § 542.060 for violations of the Prompt Payment Statute.
- Texas Civil Practice & Remedies Code § 38.001, *et seq*. for breach of contract.
- Texas Civil Practice & Remedies Code § 37.009 for declaratory judgment.

## X. CONDITIONS PRECEDENT

44.     All conditions precedent to the Practice's claims have occurred or have been performed.

## XI. PRAYER FOR RELIEF

The Practice prays for judgment against Aetna as set forth above and as follows:

1.      For actual damages;

Copy from re:SearchTX

2. For additional statutory damages as interest at 18% per year;

3. For pre- and post-judgment interest at the applicable legal rate;

4. For reasonable and necessary attorneys' fees; and

5. For such other relief as the Court deems just and proper.

DATED: April 19, 2022

Respectfully submitted,

NICHOLS BRAR WEITZNER & THOMAS LLP

*/s/ Zachary W. Thomas*
Zachary W. Thomas
Texas Bar No. 24070739
zthomas@nicholsbrar.com
Robert J. Carty, Jr.
Texas Bar No. 00788794
rcarty@nicholsbrar.com
2402 Dunlavy Street, Suite 2000
Houston, Texas 77006
Telephone: (713) 405-7090

**ATTORNEYS FOR
PATRICK SHIH, M.D., P.A.**

Copy from re:SearchTX