# EXHIBIT 3

CAUSE NO. 202223644

| | | |
|---|---|---|
| **PATRICK SHIH, M.D., P.A.,** | § § § | |
| *Plaintiff,* | § | |
| | § | IN THE 270TH DISTRICT COURT |
| v. | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| **AETNA LIFE** | § | |
| **INSURANCE CO.** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION, AFFIRMATIVE DEFENSES, AND PLEA TO THE JURISDICTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant Aetna Life Insurance Company ("Aetna"), who files its Answer in response to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I. GENERAL DENIAL

Without waiving its right to file such special exceptions, special denials, defenses, affirmative defenses, and further pleadings as they may hereafter deem appropriate, pursuant to Rules 92 and 502.5 of the Texas Rules of Civil Procedure, Aetna denies generally, each and every, all and singular, the allegations of Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Plaintiff's claims, remedies, and damages are limited by the terms and conditions of the policies and plans at issue, and/or Aetna's policies and procedures with respect thereto. Aetna has complied with all plan terms and hereby incorporates all plan defenses as if stated in full herein.

## Second Affirmative Defense

Aetna properly paid Plaintiff consistent with the requirements of the member's insurance contract and applicable law.

## Third Affirmative Defense

Aetna pleads and hereby invokes all caps, limitations, or restrictions on recovery of damages as allowed by applicable state and federal law governing the health benefit plans at issue herein.

## Fourth Affirmative Defense

Plaintiff's claims are barred by the provisions applicable to the time by which an appeal must be submitted to Aetna and/or the provider must commence litigation commenced following an adverse benefit decision or claim denial.

## Fifth Affirmative Defense

Certain, or all of Plaintiff's claims, are barred by limitations, including the applicable statute of limitations, statute of repose, prescriptive period, plan-term limitations, and/or based on information and belief, the doctrine of estoppel and/or unclean hands.

## Sixth Affirmative Defense

Out of an abundance of caution and/or if determined by further review of the claims at issue, Aetna is entitled to any offset to Plaintiff's claims for amounts paid to Plaintiff, and Aetna pleads the affirmative defenses of credit, recoupment, and offset.

## Seventh Affirmative Defense

Plaintiff's claims are barred for failing to exhaust the administrative remedies under the pertinent health benefit plans, including, but not limited to, its failures to appeal any adverse benefit determinations.

**Eighth Affirmative Defense**

If this Court finds that benefits are payable under the Plan, Aetna avers that its denial of the claim(s), and/or payment calculation(s), was/were based upon just and reasonable grounds, and that Plaintiff's claim does not satisfy the requirements of any applicable law permitting the recovery of attorney's fees or statutory or special damages. Therefore, Plaintiff is not entitled to recover attorney's fees or statutory or special damages.

**Ninth Affirmative Defense**

Plaintiff is liable to Aetna for its attorney's fees and costs pursuant to Tex. Ins. Code Ann. § 541.153, as applicable.

**Tenth Affirmative Defense**

Plaintiff fails to state a claim that any payment by Aetna is insufficient or incorrect pursuant to applicable law.

**Eleventh Affirmative Defense**

Plaintiff's damages, if any, should be reduced by the amount attributable to Plaintiff's failure to mitigate damages.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred by any policy and plan provisions prohibiting assignment of benefits or the right to bring a legal claim against Aetna, and barred, in whole or in part, by its lack of standing.

**Thirteenth Affirmative Defense**

Some or all of Plaintiff's claims are barred for lack of standing. Plaintiff does not assert sufficient facts to establish a first party cause of action against Aetna nor sufficient facts to establish the assignment of any member contract rights against Aetna.

### Fourteenth Affirmative Defense

Plaintiff fails to state a claim for violation of Tex. Inc. Code § 1301.155(b). Plaintiff does not have a private right of action to enforce Tex. Ins. Code § 1301.155. Plaintiff also does not allege sufficient facts to demonstrate the amounts paid by Aetna are less than that required under the plan or applicable statute.

### Fifteenth Affirmative Defense

Plaintiff's claims are preempted by ERISA as they concern claim administration of member benefits pursuant to employer-sponsored benefit plans.

### Sixteenth Affirmative Defense

Plaintiff does not have a private right of action to enforce Tex. Ins. Code § 541.060 or 541.003.

### Seventeenth Affirmative Defense

Plaintiff does not have a private right of action to enforce Tex. Ins. Code § 542.003.

### Eighteenth Affirmative Defense

Plaintiff fails to state a claim for violation of the Texas Prompt Payment Statute because (1) without contracted rates, there is no basis for statutory penalties and (2) the prompt pay claim is predicated on the viability of Plaintiff's defective Tex. Ins. Code § 1271.155 claim.

### Nineteenth Affirmative Defense

Plaintiff fails to state a claim for breach of implied contract. Plaintiff does not allege sufficient interaction between the purported Plaintiff and Aetna to establish the existence of or breach of an implied contract. Additionally, Aetna properly paid Plaintiff consistent with the requirements of the member's insurance contract and applicable law

### Twentieth Affirmative Defense

Plaintiff fails to state a claim under the Declaratory Judgments Act.

### III. PLEA TO THE JURISDICTION

Plaintiff does not have a private right of action to enforce Tex. Ins. Code § 1301.155. *See Texas Medicine Resources, LLP v. Molina Healthcare of Texas, Inc.*, 620 S.W.3d 458, 463–68 (Tex. App.—Dallas 2021, pet. filed).

Plaintiff does not have a private right of action to enforce Tex. Ins. Code § 541.060 or 541.003. *See Texas Medicine Resources, LLP v. Molina Healthcare of Texas, Inc.*, 620 S.W.3d 458 (Tex. App.—Dallas 2021, pet. filed); *Apollo MedFlight, LLC v. Bluecross Blueshield of Texas*, No. 2:18-CV-166-Z-BR, 2019 WL 4894263 (N.D. Tex. Oct. 4, 2019).

Plaintiff does not have a private right of action to enforce Tex. Ins. Code § 542.003. *See Ears & Hearing, P.A. v. Blue Cross and Blue Shield of Texas*, No. 1:18-CV-00726-LY, 2019 WL 3557349 (W.D. Tex. Aug. 5, 2019), *report and recommendation adopted*, No. A-18-CV-00726-LY, 2019 WL 6037271 (W.D. Tex. Sept. 17, 2019).

Plaintiff fails to state a claim for violation of the Texas Prompt Payment Statute because (1) without contracted rates, there is no basis for statutory penalties and (2) the prompt pay claim is predicated on the viability of Plaintiff's defective section 1301.155 claim. *See Texas Medicine Resources, LLP v. Molina Healthcare of Texas, Inc.*, 620 S.W.3d 458, 463–68 (Tex. App.—Dallas 2021, pet. filed); *Dallas Med. Center, LLC v. Molina Healthcare of Texas, Inc.*, No. 05-19-01583-CV, 2021 WL 5071830, *4 (Tex. App.—Dallas Nov. 2, 2021) (mem. op.).

Defendant fails to state a claim for breach of implied contract. Aetna properly paid Plaintiff consistent with the requirements of the insurance contract and Texas law.

Plaintiff fails to state a claim under the Declaratory Judgments Act. *See Texas Medicine*

*Resources, LLP v. Molina Healthcare of Texas, Inc.*, 620 S.W.3d 458, 463–68 (Tex. App.—Dallas 2021, pet. filed); *Dallas Med. Center, LLC v. Molina Healthcare of Texas, Inc.*, No. 05-19-01583-CV, 2021 WL 5071830, *4 (Tex. App.—Dallas Nov. 2, 2021) (mem. op.).

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Aetna prays that Plaintiff takes nothing on its claims; Defendant be awarded its costs of suit; and the Court grant Defendant all other and further relief, both general and special, whether at law or in equity, to which Defendant shows itself justly entitled.

Respectfully submitted,

THE HERMAN LAW FIRM

By: */s/ Jonathan M. Herman*
Jonathan M. Herman (TX Bar No. 24052690)
Charles W. Hill (TX Bar No. 24063885)
1601 Elm Street, Suite 2002
Dallas, Texas 75201
Telephone: (214) 624-9805
Facsimile: (469) 383-3469
jherman@herman-lawfirm.com
chill@herman-lawfirm.com

*Counsel for Defendant Aetna Health and Life Insurance Company*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served upon all parties and attorneys of record in this cause of action in accordance with Texas Rules of Civil Procedure 21 and 21a on May 12, 2022, as follows:

**VIA COURT'S E-SERVICE**

Zachary W. Thomas
Robert J Carty, Jr.
NICHOLS BRAR WEITZNER & THOMAS LLP
2402 Dunlavy Street, Suite 2000
Houston, Texas 77006
zthomas@nicholsbrar.com
rcarty@nicholsbrar.com

                         */s/ Jonathan M. Herman*
                         Jonathan M. Herman

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jonathan Herman
Bar No. 24052690
jherman@herman-lawfirm.com
Envelope ID: 64454682
Status as of 5/12/2022 2:51 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jonathan MHerman | | jherman@herman-lawfirm.com | 5/12/2022 2:49:05 PM | SENT |
| Charles WHill | | chill@herman-lawfirm.com | 5/12/2022 2:49:05 PM | SENT |
| Kim Holloman | | kholloman@herman-lawfirm.com | 5/12/2022 2:49:05 PM | SENT |
| Mitch Hasenkampf | | mhasenkampf@herman-lawfirm.com | 5/12/2022 2:49:05 PM | SENT |