UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Patrick Shih, M.D., P.A.,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:22-cv-01577 |
| | § | |
| **Aetna Life Insurance Co.,** | § | |
| | § | |
| *Defendant.* | § | |

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

Aetna fails to carry its burden of proving that ERISA completely preempts the Practice's state-law claims under the Supreme Court's two-element *Davila* test. Thus, under the well-pleaded complaint rule, the Practice's claims raise no federal questions, and no federal subject-matter jurisdiction exists. The Court should remand this case to state court so that the parties may litigate on the merits.

To avoid remand, Aetna had to establish both elements of the *Davila* test; but it has established neither. First, Aetna fails to show that the Practice could have brought a claim under ERISA § 502(a)(1)(B). Aetna does not dispute that its plan document contains a provision that expressly prohibits assignments of benefits to providers without its written consent; that it never consented to the patient's assignment of benefits in favor of the Practice in this case; that courts generally enforce such "anti-assignment" provisions to invalidate assignments of benefits; or that, without a valid assignment of benefits, the Practice would lack standing to sue

under ERISA § 502(a)(1)(B).  Several federal courts in Texas have found that an anti-assignment provision can defeat the first element of the *Davila* test.

Second, Aetna fails to overcome the Texas Insurance Code's text, which imposes an independent legal duty for health insurers to provide "benefits" at "the preferred level of benefits." TEX. INS. CODE § 1301.155(b).  Aetna denies that this language creates an independent duty because, according to Aetna, it and the other "Texas Emergency Care Statutes" ("ECS") do not provide for a private right of action.  That contention is wrong—and, in any event, the "duty" exists whether a provider has a private right of action to enforce it or not.

Judge Hanen recently examined the ECS in detail and found that they *do* confer a private right of action. *ACS Primary Care Physicians Sw., P.A. v. UnitedHealthcare Ins. Co.*, 514 F. Supp. 3d 927 (S.D. Tex. 2021).  In doing so, he distinguished two of the three cases that Aetna cites in support of its position.  And the third is distinguishable for the same reasons as the other two.  The Practice asks the Court to follow Judge Hanen's detailed reasoning and reach the same conclusions.

Because Aetna fails to carry its burden of establishing an exception to the well-pleaded complaint rule, it fails to justify removal.

**I.     Aetna fails to show that the Practice could have brought its claim under ERISA § 502(a)(1)(B).**

The ERISA complete-preemption test, which the Supreme Court articulated in *Aetna Health, Inc v. Davila*, 542 U.S. 200 (2004), provides a narrow exception to the well-pleaded-complaint rule.  To successfully invoke that exception, Aetna must

2

establish two things: first, that the Practice, "at some point in time, could have brought [its] claim under ERISA § 502(a)(1)(B)"; and second, that "there is no other independent legal duty that is implicated by [Aetna's] actions." *Davila*, 542 U.S. at 210.

Aetna fails to establish *Davila*'s first element. The Practice could *not* have brought its claim under ERISA § 502(a)(1)(B) because it would lack standing to do so. *See Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, No. H-05-4389, 2006 U.S. Dist. LEXIS 39268, at *20 (S.D. Tex. 2006) (Hon. L. Rosenthal) ("[A] health-care provider's claim cannot be completely preempted if it did not receive an assignment *that would give it standing to sue under ERISA*.") (emphasis added); *Paragon Office Servs., LLC v. Aetna, Inc.,* Civ. Action No. 3:11-CV-1898-L, 2012 U.S. Dist. LEXIS 89044, at *21 (N.D. Tex. June 27, 2012) ("[A] health-care provider's claim *cannot be completely preempted* if it *did not receive an assignment* that would give it standing to sue under ERISA . . . .") (emphasis added).

Aetna does not dispute that a healthcare provider can only sue under ERISA § 502(a)(1)(B) via a valid assignment of benefits from its patient. As the Practice pointed out in its Motion to Remand, Aetna's plan document contains an "anti-assignment" provision that expressly prohibits assignments of benefits to out-of-network providers unless consented to in writing by Aetna—and the law generally enforces such provisions. Motion at 6 (citing cases). Aetna does not dispute that it never consented to the patient's assignment in favor of the Practice or that the

3

Practice would lack standing to sue under ERISA § 502(a)(1)(B) due to the anti-assignment provision in the plan.

Instead, Aetna argues only that "[n]o determination regarding the validity of the Plan anti-assignment provision has or could be made at this point." Response at 5. But there's no reason that the Court cannot consider the anti-assignment provision at this stage. Several courts in the Southern District have analyzed anti-assignment provisions in ERISA plan documents as part of the *Davila* complete-preemption test. These courts have recognized that a valid anti-assignment provision would defeat the provider's standing, thus making it impossible for them to have brought a claim under ERISA § 502(a)(1)(B). *See, e.g.*, *Shih v. Blue Cross & Blue Shield of Tex. Inc.*, No. 4:21-CV-01530, 2022 U.S. Dist. LEXIS 25722, at *11 (S.D. Tex. 2022) (Hon. K. Ellison) (finding that the first element of the *Davila* test was met only because "assignment of benefits was possible under the Plans based on an ordinary construction of the anti-assignment provisions"); *Bailey v. Blue Cross & Blue Shield of Tex., Inc.*, No. 4:21-cv-0917, 2022 U.S. Dist. LEXIS 39582, at *15-20 (S.D. Tex. 2022) (analyzing the plans' anti-assignment provisions to determine whether the provider could have asserted a claim under ERISA § 502(a)(1)(B) under the first element of the *Davila* test).

Aetna's only other argument is that the Practice supposedly has taken an inconsistent position about the validity of its assignment of benefits by seeking plan benefits via the assignment. But the Practice was never privy to the plan document and thus unaware of the anti-assignment provision until Aetna attached a copy of

4

the plan to its Notice of Removal. The Practice's argument that it would lack standing to bring a claim under ERISA § 502(a)(1)(B) because of an anti-assignment provision in the plan that it just discovered is not inconsistent with any position that it has taken before.

Because of the anti-assignment provision in Aetna's plan document, the Practice's assignment of benefits from its patient would not give it standing to bring a claim under ERISA § 502(a)(1)(B). Aetna cannot meet its burden under the first element of the *Davila* complete-preemption test that the Practice "could have brought [its] claim under ERISA § 502(a)(1)(B)." For this reason alone, the Court should remand this action to state court.

## II. Aetna fails to show that its actions do not implicate an independent legal duty.

Aetna also fails to meet its burden under the second element of the *Davila* test. As the Practice wrote in its motion, the Texas Insurance Code mandates that Aetna "shall" apply "the preferred level of benefits" when reimbursing out-of-network emergency care providers. TEX. INS. CODE § 1301.155(b). The Practice sues to enforce this express statutory right.

Aetna posits that this statutory text does not create an "independent legal duty," contending that the Texas Insurance Code does not create a private right of action. To begin with, this is immaterial. If in fact the statute did not provide a right of action, it still would not support asserting federal jurisdiction. It would simply mean that the Practice's claim is subject to being dismissed under state law. In any case, the duty exists: With or without a private right of action, and with or

5

without an ERISA plan, health insurers must apply the "preferred level of benefits" when reimbursing out-of-network providers for emergency care.

But more to the point, Aetna's position is wrong. In *ACS*, *supra*, Judge Hanen discussed the ECS in great detail, and ultimately concluded that "a private cause of action was intended in the emergency care statutes." 514 F. Supp. 3d at 935-939. Key to his reasoning was the Legislature's addition of a "Mandatory Binding Arbitration" provision, Texas Insurance Code § 1467.085, which applies to the ECS. *See* Tex. Ins. Code § 1467.085(a) ("Notwithstanding Section 1467.004, an out-of-network provider or health benefit plan issuer or administrator may not file suit for an out-of-network claim subject to this chapter until the conclusion of the arbitration on the issue of the amount to be paid in the out-of-network claim dispute.").

As Judge Hanen observed, "[b]y requiring arbitration before out-of-network providers 'file suit' for out-of-network claims *'[n]otwithstanding Section 1467.004,'* the Texas Legislature clearly interprets Section 1467.004 as authorizing such suits." *ASC II*, 514 F. Supp. 3d at 937. "If there were no implied cause of action prior to this amendment, the language of Section 1467.004—that the remedies are 'in addition' to any other remedy provided by law—and the wording of Section 1467.085 to the effect that a health care provider 'may not file suit for an out-of-network claim *subject to this chapter*,' would be superfluous." *Id.* (emphasis in original).

None of the cases cited by Aetna in support of its position even mentions, let alone discusses the effect of, the Mandatory Binding Arbitration provision.[1] They are all easily distinguishable on this basis and should be ignored.

The Practice's other causes of action—for unfair or deceptive insurance practices, unfair claim settlement practices, violations of the Texas Prompt Payment Statute, breach of implied contract, and declaratory judgment—are all based on Aetna's same independent legal duty to apply the patient's "preferred level of benefits" and reimburse the Practice in way that the patient is not left with a balance bill (so that the patient is not unfairly penalized for seeing an out-of-network provider in an emergency when he had no opportunity to choose his provider). Thus, those other causes of action implicate an independent legal duty for the same reasons as the Practice's primary Texas Insurance Code cause of action. Aetna cannot meet its burden under the second *Davila* element to show that its actions do not implicate an independent legal duty and instead arise only under the ERISA plan document.

---

[1] *See Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.,* 620 S.W.3d 458 (Tex. App.—Dallas 2021, pet. granted); *Angelina Emergency Med. Assocs. PA v. Health Care Serv. Corp.,* 506 F. Supp. 3d 425 (N.D. Tex. 2020); and *Apollo MedFlight, LLC v. Bluecross Blueshield of Tex.,* No. 2:18-CV-166-Z-BR, 2019 WL 4894263, at *1 (N.D. Tex. Oct. 4, 2019). In *ACS*, Judge Hanen discussed *Angelina* and *Apollo*, and chose to ignore them because "neither court offers an explanation of the effect of the 'Mandatory Binding Arbitration' provision…." 514 F. Supp. 3d at 936. The *Texas Medicine Resources* case was decided just a few weeks after *ACS*, and thus Judge Hanen did not get a chance to discuss it. But, like *Angelina* and *Apollo*, *Texas Medicine Resources* did not make any mention of the Mandatory Binding Arbitration provision.

### III. Conclusion

Aetna cannot meet its burden to show that the Practice's claim for application of the "preferred level of benefits" under the Texas emergency care statutes is completely preempted by ERISA under the Supreme Court's two-element *Davila* test. The same is true for the Practice's other causes of action. Without complete preemption, there is no basis for federal removal jurisdiction. The Court should grant the Practice's motion and remand this action to state court.

    Respectfully submitted,

**NICHOLS BRAR WEITZNER & THOMAS LLP**

*/s/ Zachary W. Thomas*
Scott Nichols
Texas Bar No. 14994100
(281) 727-8442
snichols@nicholsbrar.com
Zachary W. Thomas
Texas Bar No. 2470739
(832) 316-2535
zthomas@nicholsbrar.com
Robert J. Carty, Jr.
Texas Bar No. 00788794
(713) 405-7715
rcarty@nicholsbrar.com
2402 Dunlavy Street
Houston, Texas 77006

***Attorneys for Plaintiff
Patrick Shih, M.D., P.A.***

## CERTIFICATE OF SERVICE

I certify that this Motion to Remand was electronically filed on August 9, 2022 using the Court's ECF system, which automatically notifies all counsel of record.

*/s/ Zachary W. Thomas*
ZACHARY W. THOMAS
